Bartley, J.
The plaintiff in error was indicted in the court of common pleas of Huron county, at the June term, *1853, under section 29 of the “ act providing for the punishment of crimes,” for being detected with certain counterfeit or spurious bank, notes in his possession for the purpose of selling, bartering, or disposing of the same; on which indictment he was, at the November term of the same year, convicted, and sentenced to imprisonment in the penitentiary for five years. On the trial of the cause,, the prosecuting attorney, to prove the issue, produced sundry bank notes, which he put into the hands of witnesses upon the stand in the presence of the jury, and they were laid upon the table and: handled and inspected by the counsel for the state and the counsel: for the defendant below, in the presence of the jury; and some of the bank notes were passed by witnesses, while upon the stand,, into the hands of some of the jurors. The witnesses, who were-experts, proved the bank notes to be counterfeit, and it was proven that the plaintiff in error was detected with having them in his possession. But the notes were in no other or different manner-offered in evidence or read to the jury during the trial. Whereupon the counsel for the plaintiff in error asked the court to in *142 struct the jury that said bank notes were not in evidence before them ; which instruction the court refused to give, but did charge the jury that they might consider the notes as being in evidence in the case. It appears that the court further charged the jury that if the plaintiff in error was detected with said counterfeit bank notes in his possession for the purpose of uttering and publishing the same as true and genuine, it was an offense under this ■statute, and, if proven by the evidence in this case, would warrant a verdict of guilty in this prosecution. After verdict, the plaintiff in error moved for a new trial upon the ground of alleged misdirection of the court to the jury in the particulars above mentioned. The court of common pleas overruled the motion, and the counsel for the accused excepted to the opinion of the court.
It is assigned for error that the court of common pleas erred in instructing the jury that they might consider the bank notes in evidence before them ; and also in the charge, that if the plaintiff in error was detected with said counterfeit *notes in his possession for the purpose of uttering and publishing the same as true and genuine, it was an offense under the statute, and would, if proven, sustain the indictment.
The court below was clearly correct in its instructions to the jury upon the first point. "When an instrument in writing is produced by a party on a trial as evidence, and witnesses examined in relation to it, without objection to its admissibility from the other side, it is not error for the court to regard it as in evidence, although not formally offered and read by the party producing it.
The other assignment of error presents a question of moré serious import. By section 22 of the act for the punishment of - crimes, the uttering or publishing of a bank note as true and genuine is made criminal. The act here made punishable is a fraud con.summated, a wrong whereby another person is actually injured in his property, by the deceit practiced on him. Section 29 of the .statute makes it a crime for any person to sell, barter, or in any manner dispose of, a counterfeit bank note. The criminality of the .act, which by this provision is made punishable, does not necessarily comprehend an intention to deceive or defraud any particular person. It consists in dealing in counterfeit bank paper as such. ■ Section 22 is applicable to the actual perpetration of the fraud upon .a person, by passing the spurious instrument as genuine. But section 29 is applicable to the act of disposing of the paper as spu *143 rious, and thereby placing in the hands of another person the means of perpetrating the wrong provided against in section 22. Section 29 is more peculiarly applicable to the wholesale dealer in counterfeit paper, who furnishes the spurious supply to the retailers, who put it in circulation as genuine. The attempt to pass a counterfeit bank note as genuine, is, by section 32 of the statute made criminal ; but tho statute has not made it punishable to have the possession of the spurious instrument for the purpose of passing as true and genuine. Here no fraudulent act would be done; and a mere intention or purpose to commit a crime, without any act or movement toward it, is not punishable. Ey ^section 29, if any person is detected with counterfeit paper in his possession, for the purpose of selling, bartering, or disposing of the same, he is punishable. Here the crime consists, not in the intention or purpose to perpetrate a fraud, but in the criminal act of being engaged in dealing in counterfeit paper as such,'or having the possession of the spurious paper for sale, which places the means in the reach of others to procure it and put it into circulation as genuine.
The court of common pleas, therefore, erred in the charge to the jury, that evidence of the possession of counterfeit bank paper, with the intention tp utter and publish the same as true and genuine, would support an indictment for being detected with counterfeit paper in possession, for the purpose of selling, bartering, or disposing of the same, under section 29 of the statute. This is in accordance with the construction given to the statute by the Supreme Court of this state, in the case of Van Valkenburg v. The State of Ohio, 11 Ohio, 404, and also Hutchins v. The State of Ohio, 13 Ohio, 198.
The judgment of the court of common pleas is therefore reversed, and the cause remanded for a new trial.